## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 21-5912-GW-PVCx | Date | August 30, 2021 |
|---|---|---|---|
| Title | *Michael Joseph Metcalf v. Yusen Logistics (Americas), Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Shoham J. Solouki | Daniel Chammas |

**PROCEEDINGS:** TELEPHONIC HEARING ON: DEFENDANT YUSEN LOGISTICS (AMERICAS) INC.'S MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, STRIKE CLASS ALLEGATIONS [10]; YUSEN LOGISTICS CO. LTD.'S MOTION TO DISMISS ACTION AGAINST YUSEN LOGISTICS CO., LTD. PURSUANT TO RULE 11((4), AND (5), OR IN THE ALTERNATIVE, TO QUASH SERVICE OF SUMMONS AND COMPLAINT [11]; and PLAINTIFF'S MOTION TO REMAND ACTION TO SUPERIOR COURT [12]

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court denies Plaintiff's motion to remand. The Court grants Yusen Japan's motion to dismiss on personal jurisdiction grounds and does not address the other issues raised therein. The Court grants YLA's motion to dismiss each of the claims asserted in the Complaint, with leave to amend, but denies that motion to the extent it seeks to either dismiss or strike Plaintiff's class-related allegations. Plaintiff will have until September 13, 2021 to file a First Amended Complaint.

The scheduling conference set for September 9, 2021, is continued to September 30, 2021 at 8:30 a.m. The parties are to file an updated joint Rule 26(f) report by noon on September 27, 2021.

| | : | 03 |
|---|---|---|
| | Initials of Preparer | JG |

*<u>Metcalf v. Yusen Logistics (Americas) Inc., et al.</u>*, Case No. 2:21-cv-05912-GW-(PVCx) Tentative Rulings on: (1) Motion to Remand Action to Superior Court, (2) Motion to Dismiss Action against Yusen Logistics Co., Ltd. Pursuant to Rule 12(b)(2), (4), and (5), or in the Alternative, to Quash Service of Summons and Complaint, and (3) Motion to Dismiss Complaint, or in the Alternative, Strike Class Allegations

**I. Background**

Michael Joseph Metcalf ("Plaintiff") sues Yusen Logistics (Americas) Inc. ("YLA") and Yusen Logistics Co., Ltd dba Yusen Logistics Group ("Yusen Japan" and, together with YLA, "Defendants")), asserting ten claims for relief: 1) failure to provide required meal periods; 2) failure to provide required rest periods; 3) failure to pay overtime wages; 4) failure to pay minimum wage; 5) failure to timely pay wages; 6) failure to pay all wages due to discharged and quitting employees; 7) failure to maintain required records; 8) failure to furnish accurate itemized statements; 9) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and 10) unfair and unlawful business practices. Defendants allegedly employed Plaintiff as a non-exempt employee, and Plaintiff seeks to represent a class of other current and former non-exempt employees of Defendants who were employed by Defendants and worked at any locations in the State of California at any time during the four years preceding the filing of the lawsuit continuing through to the end of the suit. *See* Complaint ¶¶ 3-5.

According to Plaintiff, Defendants had a "systematic course of illegal payroll practices and policies" leading to not paying Plaintiff and putative class members all wages earned and due, including by failing to pay overtime premiums, failing to provide rest and meal periods, failing to properly maintain records, failing to provide accurate itemized statements for each pay period, failing to properly compensate for necessary expenditures (including expenses for uniforms, travel expenses, and cell phone usage), and requiring, permitting or suffering work off-the-clock. *See id.* ¶¶ 12, 15(B), 17-19, 22-23, 27, 32, 36, 47, 50-51, 55. Defendants also failed to timely pay all accrued wages due to employees who were discharged or who quit. *See id.* ¶ 43.

Yusen Japan removed the action to this Court on July 21, 2021. Plaintiff now moves to remand ("Motion One"). Yusen Japan, for its part, moves to dismiss (or to quash service) due to deficient process, insufficient service of process, and/or lack of

personal jurisdiction ("Motion Two"). Finally, YLA moves to dismiss the Complaint or to strike the Complaint's class allegations ("Motion Three").

**II. Analysis**

    A. <u>Motion One – Remand</u>

Plaintiff's motion to remand is based on the assertion that: 1) Yusen Japan's removal of the case to this Court was untimely, 2) that CAFA's "Local Controversy" exception applies[1] and 3) that Yusen Japan insufficiently-demonstrated the requisite amount-in-controversy for CAFA jurisdiction. In his Reply brief, however, while Plaintiff does not waive the other two assertions, he limits his argument to the timeliness issue. *See* Docket No. 18, at 3:22-4:25.

With respect to the timeliness issue, Plaintiff argues that he served Yusen Japan on June 8, 2021.[2] He therefore contends that the July 21, 2021 removal of the case to this Court was outside the 30-day window in which to do so under 28 U.S.C. § 1446(b). Remand is therefore mandatory, if Plaintiff is correct about the foregoing.

Under 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Plaintiff argues that "the Summons and Complaint . . . clearly stated on their face that the instant action was proper for removal" and that "every basis for removal stated in [the] Notice of Removal was based solely on the contents of the Complaint itself." Docket No. 12, at 8:24-9:4. The trouble with Plaintiff's argument here is that just because the second proposition is (or may be) true does not mean the first is true.

"[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life &*

---

[1] Plaintiff also briefly indicates that he believes CAFA's "Home State" exception applies. *See* Docket No. 12, at 5:7-9, 9:18-20. However, he *argues* only for the application of the Local Controversy exception. *See id.* at 9:22-11:26.

[2] The effectiveness of that service is at issue in Motion Two. It need not be addressed or resolved for purposes of Motion 1, for the reasons explained *infra*. However, Plaintiff is incorrect that mere "receipt" of the Complaint is sufficient to start any 30-day clock for removal running notwithstanding the "receipt . . . through service or otherwise" language of 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020), ¶ 2:3256, at 2D-157; *see also* Docket No. 12, at 8:7-10.

*Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Thus, notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.*; *see also* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020) ("Phillips & Stevenson"), ¶ 2:3231, at 2D-152. In fact, a leading practice guide indicates that the grounds for removal must be "unequivocally clear and certain" to start the 30-day period running. *See* Phillips & Stevenson ¶ 2:3232, at 2D-153. Uncertainty can concern either citizenship issues or amount-in-controversy issues. *See id.* ¶¶ 2:3238-3245, at 2D-154; *id.* ¶ 2:3247.2, at 2D-156. What this means, among other things, is that a defendant has no duty to consult *its own financial records* – as opposed to the complaint's allegations – to identify a representative valuation of claims. *See Kuxhausen v. BMW Fin'l Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013); *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790-91 (9th Cir. 2018). What this also can mean is that even if a removing-defendant successfully satisfies its preponderance-of-the-evidence burden of demonstrating removability, this does not necessarily mean that removability appeared on the face of a plaintiff's state-court complaint. *See* Phillips & Stevenson ¶ 2:3234, at 2D-153 ("If defendant knows such grounds [for removal] exist (e.g., existence of diversity of citizenship) [despite those grounds not being reflected on the face of the complaint], defendant may file a notice of removal at the outset setting forth a ground for removal."); *see also Kuxhausen*, 707 F.3d at 1141 ("This principle helps avoid a 'Catch-22' for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings.").

   Here, Plaintiff's Complaint did not sufficiently allege the citizenship of *any* of the parties. It simply asserted that Plaintiff is a "resident" of California, *see* Complaint ¶¶ 1, 3, but residence is not the same as citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). It also alleged that YLA was a "New Work" – presumably intending to signify New York – corporation and that Yusen Japan was a "California Company," without explaining what – state of incorporation or something else – makes it such (in Plaintiff's view, at least). *See* Complaint ¶¶ 1, 7-8. At best, this alleges only *partial*

3

citizenship as to YLA, but does not clearly reflect *either* of the forms of *dual* citizenship of a corporation for Yusen Japan. These citizenship allegations, in sum, do not reflect even the minimal diversity necessary for CAFA jurisdiction. As a result, the Court need not even analyze whether or not the Complaint, on its face, reflected the minimum amount-in-controversy (although, presumably, even Plaintiff believes it did not in light of his argument – discussed further *infra* – that Yusen Japan had to resort to "flawed assumptions and speculative allegations" and "cursory and incomplete calculations" in order to demonstrate an amount sufficient for removal).

As a result, Plaintiff's argument that removal was untimely here is simply incorrect. The Court cannot grant his motion to remand on that basis.

With respect to the "Local Controversy" exception to CAFA, Plaintiff – who bears the burden on this issue, *see Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1067 (9th Cir. 2019) – would have to prove that:

> (1) more than two-thirds of the proposed plaintiff class(es) are citizens of the state in which the action was originally filed, (2) there is at least one in-state defendant against whom 'significant relief' is sought and 'whose alleged conduct forms a significant basis for the claims asserted' by the proposed class, (3) the 'principal injuries' resulting from the alleged conduct of each defendant were incurred in the state of filing, and (4) no other class action 'asserting the same or similar factual allegations against any of the defendants' has been filed within three years prior to the present action.

*Kendrick v. Conduent State & Loc. Sols., Inc.*, 910 F.3d 1255, 1260 (9th Cir. 2018) (quoting 28 U.S.C. § 1332(d)(4)(A)). Plaintiff fails this obligation in at least two respects.

First, Yusen Japan is the only defendant Plaintiff tries to prove is an "in-state defendant," but he attempts to prove that citizenship under a no-longer-applicable standard for determining a corporation's principal place of business. *See* Docket No. 12, at 10:13-11:9 (relying on "substantial predominance" test and *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). A corporation's principal place of business is to be adjudged according to the test the Supreme Court set forth in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). *See, e.g.*, *Aliga Online, Inc. v. Discover Bank*, No. 2:21-cv-01721-FLA (MRWx), 2021 WL 1406616, *3 (C.D. Cal. Apr. 14, 2021). Given Plaintiff's failure to even address that test, he has not

satisfied the second required element of the Local Controversy exception (even ignoring Yusen Japan's repeated insistence that it is a citizen only of Japan, and not of California). Then, even assuming that Plaintiff has satisfied the first and third required elements for the Local Controversy exception, he has not even *addressed* the fourth required element. *See* Docket No. 12, at 9:13-11:26. As a result, Plaintiff has not successfully demonstrated that any CAFA exception applies here. *See also* Footnote 1, *supra*.

With respect to the issue of the amount-in-controversy, Plaintiff is correct that Yusen Japan bears the burden, and that it must demonstrate the amount-in-controversy by a preponderance of the evidence. But the Court disagrees with Plaintiff that Yusen Japan has done so only via "flawed assumptions and speculative allegations" or "cursory and incomplete calculations." Docket No. 12, at 11:14-15, 14:12-14.

Yusen Japan identified the number of YLA's non-exempt employees in California during the relevant time period. *See* Notice of Removal ¶ 31. It also identified the number of *former* employees in the putative class. *See id.* ¶ 32. It took the number of former employees and multiplied that number by the average hourly rate for those employees and by the other figures (8 hours and 30 days) relevant to a waiting-time penalties claim under California's Labor Code to determine that Plaintiff's sixth claim alone puts in-controversy over $1.8 million. *See id.*

Yusen Japan employed similar reasonable calculations to conclude that Plaintiff's eighth claim for relief put in-controversy an additional over-$1.9 million figure. It used Plaintiff's allegation that the defendants "routinely" failed to provide proper wage statements, used the relevant figures under the Labor Code ($50 or $100, with a $4,000 cap), the one-year statute of limitations, and the fact that approximately 493 employees would have received improper wage statements for *each* of the 58 pay periods over the applicable one-year period (apparently without even attempting to include any employees who received wage statements for *fewer* than the 58 pay periods) to reach that figure. *See id.* ¶ 33. Thus, on the sixth and eighth claims for relief alone, Yusen Japan reasonably calculated the amount-in-controversy as upwards of $3.7 million.

Even if the Court were to take issue with the assumptions Yusen Japan made in its Notice of Removal with regard to Plaintiff's claims for missed meal periods, missed rest periods, unpaid overtime, and unpaid minimum wages, *see id.* ¶¶ 34-38, Yusen Japan

5

also noted that Plaintiff seeks attorney's fees. That figure must also be included in the amount-in-controversy. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788, 794 (9th Cir. 2018). Even if the Court were to only assume a 25% figure for an attorney's fee award in this case, and even if that figure were only applied to the amount-in-controversy the Court believes Yusen Japan has reasonably established with respect to Plaintiff's sixth and eighth claims for relief, somewhere in the neighborhood of $925,000 would be added to the amount in question, bringing the total – on just the Complaint's sixth and eighth claims and the request for attorney's fees – above $4.6 million.

Yusen Japan estimated the amount-in-controversy for Plaintiff's missed meal periods, missed rest periods, unpaid overtime, and unpaid minimum wages claims as above $2.2 million. *See id.* ¶¶ 34-37. Even if the Court believed that Yusen Japan had over-estimated those amounts because of the inexact nature of Plaintiff's Complaint's allegations concerning any relevant violation rates, only roughly $400,000 would have to be at issue as a result of those four claims[3] (less than 20% of the figure Yusen Japan proposes) for the total amount-in-controversy in the case to exceed $5,000,000. The Court is comfortable in concluding that at least that amount is at issue using reasonable assumptions about violation rates (and the consequential calculations under the claims in question, as outlined in the Notice of Removal) given Plaintiff's allegations. *See generally Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

For the foregoing reasons, Plaintiff's argument that the case should be remanded because Yusen Japan has not sufficiently demonstrated the minimum amount-in-controversy must be rejected. As such, each of the three reasons Plaintiff identifies as a basis for remand fails. The Court therefore denies Plaintiff's motion to remand.

B. Motion Two – Dismissal Yusen Japan

As noted above, Yusen Japan has moved to dismiss on the grounds that the Court lacks personal jurisdiction over it, that the Summons with which it was (purportedly) served was deficient, and that the service or process was improper. In the alternative to a dismissal, Yusen Japan asks that the Court quash the service.

---

[3] As Yusen Japan further notes in its Opposition, this *still* does not take into account *any* estimated amount-in-controversy with respect to Plaintiff's claims for Failure to Timely Pay Wages, Failure to Maintain Required Records, or Failure to Indemnify Employees for Necessary Expenditures. *See* Docket No. 13, at 4-8.

6

Plaintiff's response, insofar as Motion Two is concerned, is limited to: 1) asking the Court to take the motion off-calendar because of his conviction that he will prevail on Motion One and 2) if the Court "somehow determines that it has jurisdiction over this matter" (presumably referring to the question of whether it should or should not be remanded) and that service of process was not sufficient, to grant Plaintiff "leave to serve" Yusen Japan.  *See* Docket No. 15, at 2:11-14, 4:2-4, 5:13-17.  He does not actually make any arguments that the Summons he purportedly served on Yusen Japan was sufficient, that his service of process on Yusen Japan was proper, or *any argument at all* directed to the question of whether the Court has personal jurisdiction over Yusen Japan.  Because the Court has already "somehow determine[d]" that Plaintiff's motion to remand does not have even a slight chance of succeeding, Plaintiff's failure to even address the question of personal jurisdiction when Yusen Japan properly raised the issue by way of motion means that the Court ultimately will not even need to consider the sufficiency of the Summons Plaintiff purports to have served or the sufficiency of the service of process on Yusen Japan at all.

A few principles demonstrate the effect of Plaintiff's failure to address the question of personal jurisdiction here.  First, when a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction.  *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013); *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990).  More-specifically, to establish a case for specific jurisdiction[4] based upon "minimum contacts," Plaintiff bears the burden of demonstrating the "purposeful availment/direction" factor and the "arising out of" factor well-recognized as part of that analysis.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).  Again, Plaintiff made *no effort* to address either of these factors in his Opposition, and consequently no effort to demonstrate the existence of personal jurisdiction.

Second, while uncontroverted allegations going to the question of personal jurisdiction are accepted as true, where those allegations are contradicted by affidavit or declaration the defendant's evidence is credited as true unless the plaintiff submits

---

[4] Although Yusen Japan presented arguments for why it was not subject to general personal jurisdiction in California, Plaintiff made no attempt to address that issue in his Opposition.  He has therefore forfeited any chance to do so.

conflicting evidentiary material (in which case the plaintiff's account is accepted as true). *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true. '[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit,' but we resolve factual disputes in the plaintiff's favor.") (omitting internal citations) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) and *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)). Here, absent any argument revealing any other basis for purposeful availment or purposeful declaration, the Court can only guess that Plaintiff would rely on his allegations that Yusen Japan employed Plaintiff and the putative class members in California and/or the boilerplate allegation that Yusen Japan and YLA were in an alter ego or principal-agent relationship, among others.

But Yusen Japan has provided evidence that Yusen Japan "never employed Plaintiff and the putative class members." *See* Declaration of Gerald Hofmann in Support of Yusen Logistics Co., Ltd.'s Motion to Dismiss Action Against Yusen Logistics Co., Ltd. Pursuant to Rule 12(b)(2), (4), and (5), or in the Alternative, to Quash Service of Summons and Complaint ("Hofmann Decl."), Docket No. 11-2, ¶ 3; Declaration of Yoshikazu Hirano in Support of Yusen Logistics Co., Ltd.'s Motion to Dismiss Action Against Yusen Logistics Co., Ltd. Pursuant to Rule 12(b)(2), (4), and (5), or in the Alternative, to Quash Service of Summons and Complaint ("Hirano Decl."), Docket No. 11-3, ¶ 4. Instead, YLA did. *See* Hofmann Decl. ¶ 3. The evidence also indicates that "the employment duties, policies, and practices pertaining to Plaintiff and the putative class were controlled by YLA," never Yusen Japan. Hofmann Decl. ¶ 4; *see also* Hirano Decl. ¶ 5. The submitted evidence also indicates that Yusen Japan does not even conduct business in California, let alone have any employees there. *See* Hirano Decl. ¶ 3.

Crucially, Plaintiff presented *no* evidence of his own in connection with Yusen Japan's personal jurisdiction arguments. As such, this Court is forced to credit the factual assertions made in Yusen Japan's evidence, including – most importantly – that YLA and Yusen Japan were *not* the joint employers of Plaintiff and the putative class members.

This leaves only Plaintiff's boilerplate allegations regarding alter ego, principal-agent, etc., *see* Complaint ¶¶ 11, 13, which Yusen Japan's evidentiary submissions did not – directly, at least – address. But a leading practice guide supports the conclusion that only *well-pled* facts, not mere conclusory allegations, must be accepted as true in the context of a personal jurisdiction challenge. See Phillips & Stevenson ¶ 9:117, at 9-48 (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)). The Ninth Circuit appears to agree. *See Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025 n.5 (9th Cir. 2017) (declining to "credit" agency allegation as basis for specific jurisdiction because it was "a conclusory legal statement unsupported by any factual assertion regarding . . . control . . . (or regarding any other aspect of the parent-subsidiary relationship)"). This Court does too. *See also Colt Studio, Inc. v. Badpuppy Enter.*, 75 F.Supp.2d 1104, 1111 (C.D. Cal. 1999).

For the reasons just-explained, Plaintiff's lack of attention to this issue results in Yusen Japan demonstrating that there is no basis for specific (or general) personal jurisdiction over it in this forum. As a result, the Court need not reach the issues pertinent to the sufficiency of the Summons and the purported service upon Yusen Japan. The Court grants Motion Two, and dismisses Yusen Japan from the action.

C. Motion Three – Dismissal YLA

1. *Applicable Legal Standards*

Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see*

9

*also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In its consideration of the motion, the court is generally limited to the allegations on the face of a complaint (including any documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

"A court can only strike a statement in a pleading under Rule 12(f) if the statement is '(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous.'" *In re Mortgages Ltd.*, 771 F.3d 623, 630 (9th Cir. 2014) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010)). In *Whittlestone*, the Ninth Circuit read the terms "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being plead" and "impertinent" matter as "consist[ing] of statements that do not pertain, and are not necessary, to the issues in question." 618 F.3d at 974 (quoting *Fantasy, Inc.*, 984 F.2d at 1527). Under *Whittlestone*, where material "relates directly to the plaintiff's underlying claim for relief" it cannot be considered "immaterial." *Id.* Because of its similar application, the Court believes that the same general rule should apply to a determination of whether matter is "impertinent." Where there is "any doubt as to whether the

allegations might be an issue in the action, courts will deny" a Rule 12(f) motion. *In re 2TheMart.com, Inc. Secs. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000).

        2. *Overtime Wage and Minimum Wage Claims*

YLA argues that Plaintiff's overtime and minimum wage claims are insufficiently-factual, consisting simply of conclusions. Although this Court does not necessarily agree with that approach, instead finding it to ask for more than what Rule 8 requires (and approaching the type of detail called for by, for example, Rule 9(b)), there is Ninth Circuit precedent that supports YLA's view *to a certain extent*. That precedent establishes a requirement that Plaintiff identify a "given workweek" in which he qualified for overtime and was not paid. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014) (affirming dismissal of Fair Labor Standards Act overtime claim where the plaintiff failed to identify a "given workweek" in which he qualified for overtime and was not paid).[5] While it is true that *Landers* involved a federal overtime claim under the Fair Labor Standards Act ("FLSA") – a statute not at issue here – the issue in question here is what is needed to satisfy federal pleading standards, which apply to both an FLSA claim and the state law overtime and minimum wage claims in this action. *See also Tan v. GrubHub, Inc.*, 171 F.Supp.3d 998, 1006 (N.D. Cal. 2016) ("Although *Landers* discussed FLSA claims, its reasoning applies to California Labor Code claims as well.").

Although *Landers* instructed courts to "keep[] in mind that detailed facts are not required," 771 F.3d at 641, and this Court might question the propriety of the standard the Ninth Circuit arrived at,[6] there is no question what *Landers* requires (especially considering its discussion of First, Second and Third Circuit decisions it agreed with), and that Plaintiff's allegations fall short of it. *See id.* at 642-46; *id.* at 646 (rejecting, as insufficient, allegations including the statement that "the named plaintiff…worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime and/or minimum wage payments"). Plaintiff "must allege" that there is at

---

[5] Plaintiff's Opposition does not so much as mention *Landers*. *See* Docket No. 14.

[6] *Landers* has been cited in two published Ninth Circuit decisions – on one of those two occasions, in dissent – since its issuance in 2014. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021); *Scalia v. Dep't of Transp. & Pub. Facilities*, 985 F.3d 742, 758 (9th Cir. 2021) (Christen, J., dissent). Neither of those decisions involved wage-and-hour-type claims, and neither examined *Landers* in any detail, but simply cited the decision once each.

least one workweek/workday in which he was not properly paid overtime. *Id.* at 645.[7] He has not done so, *see* Complaint ¶¶ 25-29, and his overtime claim must therefore be dismissed, with leave to amend.[8]

The Court believes the same approach should be adopted with respect to Plaintiff's minimum wage claim, for which he also lacks at least this detail. *See id.* ¶¶ 30-33. There is no principled reason to draw a distinction between these two types of claims under the *Landers* approach. Indeed, though much of the language surrounding *Landers*'s "given workweek" holding directly related only to an overtime FLSA claim, the Ninth Circuit's decision addressed both overtime *and* minimum wage claims. *See* 771 F.3d at 640-41 ("[P]ost-*Twombly* and *Iqbal*, we review Landers's complaint to determine whether the allegations plausibly state a claim that Quality failed to pay minimum wages and overtime wages, keeping in mind that detailed facts are not required."); *id.* at 645 ("Applying that standard to the pleadings in this case, Landers failed to state a claim for unpaid minimum wages and overtime wages. The complaint did not allege facts showing that there was a given week in which he was entitled to but denied minimum wages or overtime wages."); *id.* at 646 ("[A]t a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages.").

YLA goes further, however, arguing that Plaintiff "provides absolutely no explanation of the circumstances surrounding these alleged hours worked." Docket No. 10, at 6:26-28. It also takes Plaintiff to task for not alleging "any specific information regarding the amount of time he worked, . . . or the type of work he was asked or required to perform." *Id.* at 7:27-8:1; *see also* Docket No. 17, at 4:1-3 (stating, in Reply brief, that Plaintiff should allege "how, under what circumstances or when [he] was allegedly

---

[7] The Ninth Circuit also indicated that "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Landers*, 771 F.3d at 645. But the court still continued on to indicate that the "given workweek" allegation was a requirement. *See id.* at 645-46.

[8] Even if the Court were to join the courts that have understood *Landers* as not requiring identification of a particular calendar week, so long as other details leading to a plausible claim are provided, Plaintiff has not included those details here. *See Tan v. GrubHub, Inc.*, 171 F.Supp.3d 998, 1008 (N.D. Cal. 2016) (discussing cases adopting that approach).

required to work off-the-clock, or what work [he] purportedly performed when required to do so").[9] Beyond what *Landers* requires, this Court does not believe that Rule 8 requires Plaintiff to plead these "circumstances" or the "specific information" YLA would like to see included. *See, e.g.*, *Landers*, 771 F.3d at 645 ("[L]ike the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA.").

Plaintiff's third and fourth claims are dismissed with leave to amend due to their failure to include what *Landers* requires.

### 3. Meal Period and Rest Period Claims

Although, unlike his overtime wage and minimum wage claims, Plaintiff's meal and rest period claims – his first and second claims – have not been the subject of similar published Ninth Circuit authority, district courts have commonly-concluded that the requirements set forth in *Landers* are equally-applicable to meal period and rest break/period claims. *See, e.g.*, *Shann v. Durham Sch. Servs., L.P.*, 182 F.Supp.3d 1044, 1048 (C.D. Cal. 2016); *Wood v. N. Am. Van Lines, Inc.*, No. 8:20-cv-02092-JLS-ADS, 2021 WL 3134203, *4 (C.D. Cal. July 23, 2021); *Avina v. Marriott Vacations Worldwide Corp.*, No. SACV 18-00685 JVS (JPRx), 2018 WL 6844713, *3 (C.D. Cal. Oct. 15, 2018); *Franke v. Anderson Merchandisers LLC*, No. CV 17-3241 DSF (AFMx), 2017 WL 3224656, *7 (C.D. Cal. July 28, 2017); *Daugherty v. SolarCity Corp.*, No. C 16-05155 WHA, 2017 WL 386253, *6-7 (N.D. Cal. Jan. 26, 2017); *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, *6 (E.D. Cal. Nov. 2, 2016); *Raphael v. Tesoro Refining & Mktg. Co. LLC*, No. 2:15-cv-02862-ODW (Ex), 2015 WL 4127905, *3 (C.D. Cal. July 8, 2015). YLA correctly argues that Plaintiff's claims of this type are devoid of any detail, simply reflecting assertions that the defendants "required, permitted or otherwise suffered [Plaintiff] to take less than the 30-minute meal period, or to work through them" and "failed to provide rest periods" to Plaintiff. Complaint ¶¶ 17, 22; *see also id.* ¶¶ 4, 12.

These claims therefore suffer from the same *Landers*-based deficiency as do

---

[9] To the extent YLA is – correctly – concerned about the lack of factual allegations concerning Plaintiff's theory of "joint employment" by YLA and Yusen Japan, *see* Complaint ¶ 11, that shortcoming is made moot by the Court's decision, *supra*, to dismiss Yusen Japan for lack of personal jurisdiction (and by YLA's admission that *it* employed Plaintiff, *see* Hofmann Decl. ¶ 3).

Plaintiff's overtime and minimum wage claims. Beyond what *Landers* requires, however, the Court rejects YLA's argument that Plaintiff must "include allegations concerning [Plaintiff's] shift schedule, and what specific policies and practices were used to manage [him], and whether such policies and practices were company-wide," "the circumstances in which the alleged violation occurred," "how [the defendants] actually went about coercing [Plaintiff] to forego breaks," "facts surrounding the alleged tactics" that resulted in the missed periods, or "about his workday and how breaks were allegedly not provided." Docket No. 10, at 5:4-22. In this Court's view, this calls for more facts than are necessary to make relatively straight-forward and common claims plausible.

Because the Court concludes Plaintiff must comply with *Landers* with respect to these two claims, they are dismissed with leave to amend.

### 4. Failure to Indemnify

Continuing on its theme, YLA also takes issue with the lack of detail it would like to see present in Plaintiff's ninth claim, for failure to indemnify employees for necessary expenditures incurred in discharge of duties. Specifically, YLA notes that:

> [n]owhere does Plaintiff identify how and why he was required to incur the alleged business-related expenses and costs, whether they were incurred in direct consequence of his discharge of his duties, or in obedience to the direction of Defendants, that the alleged expenses and costs were necessary, or that Defendants were aware of the alleged expenses and costs.

Docket No. 10, at 8:19-24. The elements for this claim are that Plaintiff: (1) made expenditures or incurred losses, (2) those expenditures/losses were incurred in direct consequence of Plaintiff's discharge of his duties, and (3) the expenditures or losses were necessary. *See USS-POSCO Indus. v. Case*, 244 Cal.App.4th 197, 205 (2016) (quoting *Cassady v. Morgan, Lewis & Bockius LLP*, 145 Cal.App.4th 220, 230 (2006)); *Nicholas Labs., LLC v. Chen*, 199 Cal.App.4th 1240, 1249 (2011); *see also Arroyo v. Int'l Paper Co.*, No. 17-cv-06211-BLF, 2020 WL 887771, *15 (N.D. Cal. Feb. 24, 2020); *Tan*, 171 F.Supp.3d at 1005 ("Section 2802 claims are sufficiently pled where the complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties.").

In light of the recognized elements for such a claim, "how and why" Plaintiff incurred the expenditures he identifies need not be pled except to the extent it is required

to show that such expenditures were incurred in direct consequence of his discharge of his duties (or obedience to the directions of YLA). The recognized elements similarly do not require that Plaintiff allege facts showing that YLA was "aware of the alleged expenses and costs." Compliance with YLA's expectations in these regards, therefore, is not necessary in order to make Plaintiff's claim plausible under *Twombly* and *Iqbal*.

However, the Court agrees that Plaintiff has not pled *facts* supporting a conclusion that the expenditures in question were incurred in direct consequence of Plaintiff's discharge of his duties or that those expenditures were necessary. *See* Complaint ¶ 55. In at least those regards, therefore, the claim must be amended if it is to survive the pleadings. Therefore, Plaintiff's ninth claim is dismissed, with leave to amend.

### 5. *The Remaining Claims*

With respect to Plaintiff's remaining claims, YLA merely argues that because those claims are entirely-derivative of Plaintiff's other claims (which YLA believes must be dismissed), these claims likewise should be dismissed. Plaintiff does not appear to specifically-respond to YLA's assertion that the remaining claims are derivate (aside from expressly acknowledging that at least his Section 17200 claim is, *see* Docket No. 14, at 12:23).

The Court agrees with YLA. Because the remaining claims are apparently derivative of the five claims specifically-discussed *supra*, and because the Court has concluded each of those five claims must be amended in order to survive, the remaining claims must be dismissed as well, though of course with leave to amend.

### 6. *Striking Class Allegations*

Finally, YLA believes that the Court should dismiss or strike the class allegations from Plaintiff's Complaint because, in its view, "a class action complaint must allege facts plausibly demonstrating that putative class members had work experiences similar to Plaintiff." Docket No. 10, at 1:21-23. In this Court's view, that is not an appropriate application of either Rule 12(b)(6) or Rule 12(f). Rule 12(b)(6) is directed at the sufficiency of a plaintiff's claims, not his ability to state facts regarding the claims of others or his ability to state facts supporting the findings necessary under Rule 23 for class certification. Under Rule 12(f), the concerns YLA identifies do not make Plaintiff's

class-related allegations an "insufficient defense," "redundant," "immaterial," "impertinent" or "scandalous."

To the extent other district courts have taken a different approach to this question, this Court does not join them. If Plaintiff's proposed class is too overbroad and/or dissimilar, he will struggle to achieve certification at the appropriate stage.

       7. *Conclusion as to Motion Three*

For the foregoing reasons, the Court would grant Motion Three, with leave to amend, with respect to each of the ten claims for relief pled in the Complaint. However, it would deny Motion Three insofar as it seeks to dismiss or strike the class-related allegations.

## III. Conclusion as to All Motions

The Court denies Plaintiff's motion to remand. The Court grants Yusen Japan's motion to dismiss on personal jurisdiction grounds and does not address the other issues raised therein. Finally, the Court grants YLA's motion to dismiss each of the claims asserted in the Complaint, with leave to amend, but denies that motion to the extent it seeks to either dismiss or strike Plaintiff's class-related allegations.